**FILE ON DEMAND**



## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nelson L. Bruce, South Carolina Department of Consumer Affairs ) ) | |
| Plaintiff's, ) ) | Case No.: |
| v. ) ) | |
| Equifax Information Solutions, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), TransUnion LLC, UNKNOWN DOE'S 1-100, et al. ) ) ) ) ) ) | VERIFIED COMPLAINT FOR VIOLATIONS OF THE FINANCIAL IDENTITY FRAUD AND IDENTITY THEFT PROTECTION ACT (37-20-170) AND DEFAMATION (LIBEL), REQUEST FOR DECLERATORY AND INJUCTIVE |
| Defendants. ) | RELIEF, JURY TRIAL DEMANDED |

## *VERIFIED COMPLAINT*

Plaintiff, **Nelson L. Bruce**, individually, hereby individually sues each Defendant for violations of the **"Financial Identity Fraud and Identity Theft Protection Act" as codified under 37-20-170(A)&(B)(1)(3)(4) of the South Carolina Consumer Protection Code ("SCCPC"), and Defamation ("Libel") against Equifax, Experian, & TransUnion (Collectively "Defendants").** Plaintiff does not consent to magistrate jurisdiction.

## *INTRODUCTION*

1. Plaintiff Nelson L. Bruce seeks redress and statutory damages for defendants knowing, willful, malicious, negligent, deformational acts in violation of the SCCPC under Title 37 – CHAPTER 20 - Consumer Identity Theft Protection (SECTION 37-20-170(A)&(B)(1)(3)(4).

2. Plaintiff bring this action regarding Disputes as to accuracy of his consumer records; penalties for willful and negligent violations; attorney fees; civil damages and injunctive relief as defendants have failed to provide plaintiff with, "the basis for the denial of his dispute, "a notice that, if requested by the consumer, the consumer reporting agency shall

provide the consumer with a description of the procedure used by the consumer reporting agency to determine the accuracy and completeness of the information," and sufficient evidence that the information that has been reported or updated is true and accurate information as it relates to that consumer in violation of the **South Carolina Consumer Protection Code Title 37 Chapter 20** as plaintiff is requesting actual and/or statutory damages in the amounts provided under **D and E** of title **37 chapter 20** at **170 (37-20-170)** for each incident of inaccurate reporting up until deletion.

3. Plaintiff makes these allegations upon personal firsthand knowledge.
4. While many violations are described below with specificity, this Complaint alleges violations of the laws and statutes cited in their entirety.
5. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing, Willful, intentional, reckless, negligent and done with malice, the intent to injure plaintiff, to harm and damage the plaintiff and his credit worthiness as Defendants did not maintain procedures reasonably adapted to avoid any such violations and did not do a proper investigation or reinvestigation into the matter before finally deleting the inaccurately reported accounts in an unreasonable time.

### *JURISDICTION AND VENUE*

6. This court has jurisdiction under **28 U.S. Code § 1332(a)(1)** because of diversity and the jurisdictional amount for damages is over $75,000.
7. This action arises out of Defendant's violations of the **South Carolina Consumer Protection Code (SCCPC) SECTION 37-20-170 et. Seq..**
8. Venue is proper pursuant to **28 U.S.C. § 1391 (b),** as the acts and transactions that give rise

to this action occurred, in substantial part, in this district.

## *PARTIES*

9. Plaintiff, **Nelson L. Bruce**, is a natural person, who resides in the State of South Carolina.

10. Plaintiff is a **"consumer"** as that term is defined by **SECTION 37-20-110 (1).**

11. Plaintiff, The South Carolina Department of Consumer Affairs ("SCDCA"/ "Department") also known as the Department of Consumer Affairs is the state's consumer protection agency established in 1974. The SCDCA was put in place to protect South Carolina consumers. The Department has an interest in this case under 37-20-110 (H).

12. Defendant **Equifax Information Services, LLC ("Equifax")** is a business entity that regularly conducts business in South Carolina with its principal place of business as **1550 Peachtree Street NW, Atlanta, Georgia 30309.** Equifax is a "consumer reporting agency," as defined in **37-20-110(2) of the SCCPC** and engaged in the business and or in the practice of assembling or evaluating consumer credit information or other information about consumers for the purpose of furnishing consumer reports, as defined in **37-20-110(2)**, to third parties.

13. Defendant **TransUnion, LLC ("TransUnion")** is a business entity that regularly conducts business in South Carolina with its principal place of business as **555 West Adams Street, Chicago, Illinois 60661.** TransUnion is a "consumer reporting agency," as defined in **37-20-110(2) of the SCCPC** and engaged in the business and or in the practice of assembling or evaluating consumer credit information or other information about consumers for the purpose of furnishing consumer reports, as defined in **37-20-110(2)**, to third parties.

14. Defendant **Experian Information Solutions, Inc. ("Experian")** is a business entity that regularly conducts business in South Carolina and is registered in the State of South

Carolina. **Experian** is a "consumer reporting agency," as defined in **37-20-110(2)** of the **SCCPC** and engaged in the business and or in the practice of assembling or evaluating consumer credit information or other information about consumers for the purpose of furnishing consumer reports, as defined in **37-20-110(2)**, to third parties.

15. At all relevant times Defendants was a "consumer reporting agency" as that term is defined by **37-20-110(2)** of the **SCCPC**.

## *STATUTORY BACKGROUND*

16. The **South Carolina Consumer Protection Code Title 37 Chapter 20** is a consumer protection statute which regulates the activities of a "Consumer credit-reporting agency" or "consumer reporting agency" or Person regarding the accuracy of credit reports, and which provides certain rights to consumers affected by the inaccurate reporting of information to consumer credit reports.

## *FACTUAL ALLEGATIONS*

17. At all times relevant to this matter, Plaintiff was an individual, a natural person, a consumer residing within the State of South Carolina.

18. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants who have failed to provide plaintiff with written results of the reinvestigation of his dispute related to the accuracy of his consumer report within thirty days after receiving a notice of inaccuracy from plaintiff in the form of a dispute either electronically or written.

19. Plaintiff sent notices of dispute on multiple occasions to TransUnion disputing in 2018 and 2019, the accuracy of his consumer record and the tradelines associated with BAC HOME LOANS SERV LP, BARCLAYS BANK DELAWARE, CARRINGTON MORTGAGE SERVICES, ONEMAIN FINANCIAL, PENTAGON FCU, PENTAGON FEDERAL

CREDIT, SYNCB/CARE CREDIT, SYNCB/LOWES, and SYNCB/WALMART DUAL CARD accounts that appeared and been published and reporting on plaintiff's consumer credit report for a total of eleven (11) inaccurate accounts reported that eventually resulted in these accounts being deleted in 2019 as a result of plaintiffs dispute.

20. Plaintiff sent notices of dispute on multiple occasions to Equifax disputing in 2018 and 2019, the accuracy of his consumer record and the tradelines associated with CARRINGTON MORTGAGE, SYNCB/LOWES, and SYNCB/WALMART DC accounts that appeared and been published and reporting on plaintiff's consumer credit report for a total of three (3) inaccurate accounts reported that eventually resulted in these accounts being deleted in 2019 as a result of plaintiff's dispute.

21. Plaintiff sent notices of dispute on multiple occasions to Experian disputing in 2018 and 2019, the accuracy of his consumer record and the tradelines associated with SYNCB/CARE CREDIT, SYNCB/LOWES, and SYNCB/WALMART DC accounts that appeared and been published and reporting on plaintiff's consumer credit report for a total of three (3) inaccurate accounts reported that eventually resulted in these accounts being deleted in 2019 as a result of plaintiffs dispute.

22. Plaintiff sent a notice of dispute to Equifax disputing, the accuracy of his consumer record and the tradelines associated with CARRINGTON MORTGAGE, SYNCB/LOWES, and SYNCB/WALMART DC accounts that appeared and been published and reporting on plaintiff's consumer credit report on multiple occasions, in 2018 and 2019 for a total of three (3) inaccurate accounts reported that eventually resulted in these accounts being deleted in 2019 as a result of plaintiff's dispute.

23. Defendants notified the Plaintiff that it had initiated an investigation or reinvestigation into

the said complained about disputed matters on multiple occasions which resulted in the alleged tradelines eventually being deleted as defendants.

24. **Defendants** investigation did not resolve the dispute and Plaintiff subsequently on multiple occasions requested that the accounts be removed/deleted from plaintiff's report which **Defendants as a result of the original dispute alleged that the information has** been verified as accurate without providing plaintiff with written results of the reinvestigation identifying (1) the basis for the denial of his dispute, (2) with a description of the procedure used by the consumer reporting agency to determine the accuracy and completeness of the information, and (3) sufficient evidence that the information is true and accurate information as it relates to that consumer and his dispute.

25. **SECTION 37-20-170** of the SCCPC provides the procedure by which a consumer reporting agency ("CRA") must abide by whenever a consumer disputes the accuracy of their consumer record. It provides that:

    A. If a consumer disputes the accuracy of an item in the consumer's records with a consumer reporting agency, the consumer may give notice in writing to the consumer reporting agency specifying in what manner the report is inaccurate and the consumer reporting agency shall reinvestigate the inaccuracy at no charge to the consumer, provide the consumer with sufficient evidence that the information is true and accurate information as it relates to that consumer, and record the current status of the disputed information. The consumer reporting agency shall provide forms for that notice and shall assist a consumer in preparing the notice when requested.

    B. Within thirty days after receiving a notice of inaccuracy, a consumer reporting agency shall deny or admit the inaccuracy to the consumer in writing. If the consumer reporting agency denies the inaccuracy, the consumer reporting agency shall include the following information with the written results of the reinvestigation:

    (1) the basis for the denial;
    (2) a copy of the consumer's file that is based on the consumer's file as revised as a result of the reinvestigation, including the business name and address of any furnisher of information who was contacted in connection with that information and, if reasonably available, the telephone number of the furnisher;
    (3) a notice that, if requested by the consumer, the consumer reporting agency shall provide the consumer with a description of the procedure used by the consumer reporting agency to determine the accuracy and completeness of the information; and

      (4) sufficient evidence that the information is true and accurate information as it relates to that consumer.

C. If the consumer reporting agency admits that the item is inaccurate, it shall correct the item in its records and, on request by the consumer, it shall inform any person who within the last six months has previously received a report containing that inaccurate information.

D. In addition to all other penalties that may be imposed, a consumer credit-reporting agency or other person that knowingly and wilfully violates a provision of this chapter is liable for three times the amount of actual damages or three thousand dollars for each incident, whichever is greater, as well as reasonable attorney's fees and costs.

E. In addition to all other penalties that may be imposed, a consumer credit-reporting agency or other person that negligently violates this chapter is liable for the greater of actual damages or one thousand dollars for each incident, as well as reasonable attorney's fees and costs.

F. In addition to the damages assessed pursuant to subsections (D) and (E), if the injury is to the consumer's creditworthiness, credit standing, credit capacity, character, general reputation, employment options, or eligibility for insurance, and results from the failure to take inaccurate information off of a credit report and the failure is not corrected by the consumer credit-reporting agency within ten days after the entry of a judgment for damages, the assessed damages must be increased to one thousand dollars each day until the inaccurate information is removed from the consumer's record.

G. A consumer seeking damages pursuant to this section also may institute a civil action to enjoin and restrain future acts constituting a violation of this chapter.

H. The remedial provisions of this chapter are cumulative of and in addition to any other action at law and any action taken by the Department of Consumer Affairs pursuant to Chapter 6.

I. This section is not intended, and must not be construed, to confer liability on a person who acts reasonably and who does not act wilfully or negligently.

26. **Defendants** intentionally allowed and continued to report disputed inaccurate consumer records which as the CRA transmits via an automatic credit dispute verification (ACDV) form to the furnisher of the contested information reported to plaintiffs consumer credit report by knowingly, willfully, and negligently failing to provide the basis for the denial of the disputed accounts and the information being reported, failed to provide the description or the procedure used to determine the accuracy and completeness of the information being reported supported by sufficient evidence that the information that is being reported is true and accurate information as it relates to the consumer, in this case the plaintiff in violation of

**37-20-170(A)&(B)(1)(3)&(4)** of the SCCPC.

27. **Defendant's** acts are knowing, willful and grossly negligent.

28. The SCCPC is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner."
These duties are triggered whenever a consumer sends a notice of dispute to a credit reporting agency who then notifies the furnisher that a consumer has disputed information that it provided to the agency. Once this occurs, within thirty days after receiving a notice of inaccuracy, and the credit reporting agency denies the dispute by allowing the data furnisher to continue to report the disputed accounts and information, the CRA was to the provide consumer with the basis for the denial, provide a notice that, if requested by the consumer, the consumer reporting agency shall provide the consumer with a description of the procedure used by the consumer reporting agency to determine the accuracy and completeness of the information, and reinvestigate the inaccuracy at no charge to the consumer, provide the consumer with sufficient evidence that the information is true and accurate information as it relates to that consumer, and record the current status of the disputed information.

29. Any CRA who knowingly and wilfully violates a provision of this chapter is liable for three times the amount of actual damages or three thousand dollars for each incident, whichever is greater, as well as reasonable attorney's fees and costs. **SECTION 37-20-170 (D).**

30. Any CRA who negligently violates this chapter is liable for the greater of actual damages or one thousand dollars for each incident, as well as reasonable attorney's fees and costs. **SECTION 37-20-170 (E).**

31. Defendants have reported inaccurate accounts and or accounts that did not belong to the plaintiff for which he disputed and was eventually deleted after another investigation by the defendants thereby admitting that they did not do a proper investigation of plaintiff's previous disputes in 2018, and 2019 and therefore are liable for damaging and injuring plaintiff under o plaintiff under **37-20-170(A)&(B)(1)(3)&(4)** as a result of their violations have negatively affected, (1) his credit score, (2) resulted in lost opportunities to enter into credit transactions, (3) damaged his reputation, (4) resulted in personal embarrassment, humiliation, and other mental emotional distress.

32. It appears that by defendants failing to properly investigate the dispute, they have failed do their own investigation and provide the basis for their denial, the a description of the procedure used by the consumer reporting agency to determine the accuracy and completeness of the information and sufficient evidence that the information is true and accurate information as it relates to the consumer therefore are knowing, willful, and negligent.

33. Plaintiff received results of his disputes from Defendants with standard form language in 2018 and 2019.

34. Plaintiff's claim is typical of the 3 year statute per incident of continuous inaccurate reporting of consumer's record up until the date of deletions which is an admittance of inaccurate reporting by the defendants.

35. As a result of Defendants actions, Plaintiff has been damaged and injured, Plaintiff's creditworthiness, credit standing, credit capacity, character, general reputation, employment options, eligibility for insurance, all resulting from the failure to properly investigate, to correct and or remove inaccurate information off of the plaintiff's consumer credit report in a

reasonable time.

36. Defendants has acted with ill will, recklessly or wantonly, or with conscious indifference to the plaintiff's rights.

37. Plaintiff has tried to settle these matters before filing suit by sending Notices of Intent to all defendants between August and September of 2021 only to be ignored by defendants sending plaintiff a general response therefore plaintiff is exercising his right to litigate these matters before the court.

38. It appears that the Fourth Circuit has held, applying South Carolina law, that malice under the FCRA 15 U.S.C. § 1681h(e) occurs where the defendant acted with ill will, recklessly or wantonly, or with conscious indifference to the plaintiff's rights which is alleged here. ***Beattie v. NationsCredit Fin. Servs. Corp.*, 69 Fed. Appx. 585, 590-91 (4th Cir. 2003)** as is the case here.

39. It appears that a provision of the FCRA bars consumers from bringing actions "in the nature of defamation, invasion of privacy, or negligence" in certain specified contexts, except as those causes of action arise under sections 1681n and 1681o of the FCRA. 15 U.S.C.A. § 1681h(e). *See... **Yutesler v. Sears Roebuck Co.*, 263 F.Supp.2d 1209, 1212 (D.Minn. 2003)** (finding the plaintiff's common-law defamation claim not preempted by the FCRA); ***Carlson v. Trans Union, LLC*, 259 F.Supp.2d 517, 521-22 (N.D.Tex. 2003) (same); *Domhecker v. Ameritech Corp.*, 99 F.Supp.2d 918, 930-31 (N.D.IU. 2000) (same);** see also ***Tracy Bateman Farrell*, Preemption of State Law by Fair Credit Reporting Act, 8 A.L.R. Fed.2d 233, §§ 10-12, 16-17 (2006)** (summarizing case law finding no preemption by the FCRA). It appears that the state law claims do not conflict with the FCRA and therefore are consistent with federal law and are not preempted (**15 U.S. Code § 1681t(a)**).

40. It appears this action may relate to 15 U.S.C. §§ 1681n and 1681o which create causes of action in favor of consumers against consumer reporting agencies if the reporting agency has either negligently or willfully failed to comply with "any requirement" (emphasis added) of FCRA. The requirement that may be at issue here is § 1681e(b) which provides that a consumer reporting agency must "follow reasonable procedures to assure maximum possible accuracy of the information" contained in a consumer report. Since Defendants intentionally allowed inaccurate, invalid, unauthorized information to be reported without doing a proper investigation or reinvestigation into the dispute, defendants acted with malice and willful intent to injure the consumer which is a requirement to allow state law claims to proceed against consumer reporting agencies (see…15 U.S.C. § 1681h(e)).

## *RESERVATIONS OF RIGHTS*

41. Plaintiffs hereby reserves the right to request leave of court at a later date to amend his complaint to amend his claims, to add more claims and enjoin defendants relevant to the case.

42. Plaintiff reserves the right to add additional damages under this section throughout the litigation as an addition to the damages presented herein as part of any and all judgments.

## *AS AND FOR A FIRST CAUSE OF ACTION*
## *DEFAMATION ("LIBEL")*

43. The Allegations claimed in paragraphs **1 through 42** of this entire complaint are re-alleged and incorporated by reference herein as if set forth verbatim.

44. The defendants are guilty of defamation per se, in that defendants intentionally allowed third parties to submit inaccurate information which was published by the credit reporting agencies, the defendants without providing plaintiff with the basis for their denial of his notice of dispute, a description of the procedure used by the consumer reporting agency to

determine the accuracy and completeness of the information as requested by the consumer, and sufficient evidence that the information defendants was allowing to be reported is true and accurate information as it relates to the plaintiff and his rights which are inaccurate and unauthorized by the plaintiff to be reported as it is intended to harm and defame plaintiff's reputation when published to third parties who request for reports to qualify or approve Plaintiff based off of his credit and credit worthiness.

45. The defamatory statements, payment history and balances published to consumer reporting agencies and published in plaintiff's consumer report attribute to the Plaintiff an unfitness and lack of integrity in both his personal and professional capacity as there were inaccurate.

46. The statements and negligent malicious reporting have harmed, damaged and injured the plaintiff, his reputation for creditworthiness and financial responsibility, and has resulted in loss of credit, in ability to maintain and access credit that would otherwise be available to him, all of which has resulted in pecuniary harm and mental anguish.

47. Defendants are each separately and individually liable to plaintiff for damages caused by their actions in an amount equal to or greater than $250,000. Courts frequently sustain emotional distress awards in the range of $250,000 in defamation cases. *See, e.g., Stamathis v. Flying J, Inc.,* **389 F.3d 429, 439 (4th Cir. 2004)** (upholding an award of $240,000 for "insult, pain, and mental suffering"); *Simon v. Shearson Lehman Bros., Inc.,* **895 F.2d 1304, 1319-20 (11th Cir. 1990)** (upholding an award of $250,000, given that the slander caused "an impairment of [the plaintiffs] reputation, personal humiliation, and mental anguish and suffering").

48. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully

above and, as a result, Defendants are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### AS AND FOR A SECOND CAUSE OF ACTION
### LIABILITY AND DAMAGES UNDER
*(Title 37 – of the South Carolina Consumer Protection Code) SECTION 37-20-170 ET. SEQ.*

49. Plaintiff re-states, re-alleges, and incorporates herein by reference, all information in paragraphs **1 through 48** as if set forth verbatim.

50. At all times, Defendants knowingly, intentionally reported and allowed to be reported, inaccurate information with malice and willful intent to injure the plaintiff, the consumer (15 U.S.C. § 1681h(e)) as they failed to provide the basis for their denial of plaintiff's notice of dispute, failed to provide a description of the procedure used by the consumer reporting agency to determine the accuracy and completeness of the information as requested by the consumer, and failed to provide to the consumer, sufficient evidence that the information being reported is true and accurate information as it relates to the consumer and his rights.

51. Defendants failed to correct, delete information found to be inaccurate, unauthorized, unverified, and in a reasonable time instead reinserted the information and failed to properly investigate Plaintiff's disputes.

52. Defendants failed to promptly investigate and re-investigate the accuracy of the accounts being reported and failed to promptly notify the consumer of the basis for their denial of his notice of dispute, a description of the procedure used by the consumer reporting agency to determine the accuracy and completeness of the information as requested by the consumer, and sufficient evidence that the information is true and accurate information as it relates to

the consumer and his rights in violation of SC Consumer Protection Code **SECTION 37-20-170 (A) & (B) (1)(3) and (4).**

53. As a result of the above violations of the **SECTION 37-20-170 et. Seq.**, Defendants are each separately and individually liable to Plaintiff's for actual damages, and or statutory damages of $3,000 for knowing and wilful acts and $1,000 for negligent acts, for each incident of continuous monthly inaccurate reporting to be calculated within 12 months from each dispute to the date the accounts was deleted not to exceed 3 years of the statute of limitations, as well as reasonable attorney's fees and costs.

54. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to Plaintiff for the full amount of statutory, and actual damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## *PRAYER FOR RELIEF*

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants as specified above and the following:

a) An Declaration and Injunction against all defendants, their successors, assigns, affiliates, partners, both known and unknown does, etc. al., pursuant to SECTION 37-20-170 (H) to restrain all parties from future acts constituting a violation of this chapter.

b) Plaintiff if applicable, is also entitled to attorney fees and costs pursuant to SECTION 37-20-170 et. seq.

## *TRIAL BY JURY*

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs requests, and demands trial by jury on all issues so triable.

Date this 31st day of **October, 2021**.

RESPECTFULLY PRESENTED,                                         "Without Prejudice"

*Nelson L. Bruce  10-31-21*

Nelson L. Bruce, Propria Persona, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
U.C.C.1-207/ 1-308, 1-103.6
c/o P.O. Box 3345, Summerville, South Carolina [29484]
Phone: 843-437-7901
Email: leonbruce81@yahoo.com

## Affidavit of Verification



I, Nelson L. Bruce, hereby swear, attest, affirm, ascribe, and declare as follows:

1. I am a Plaintiff in the present case, a citizen of the United States of America, and a resident of the State of South Carolina and I am of the age of the Majority, over the age of 18;

2. I have reviewed the complaint in its entirety and have personal knowledge of myself, my activities, and my intentions, including those set out in the foregoing **Verified Complaint** for Declaratory and Injunctive relief and the Relief requested in this **Verified Complaint**;

3. I have personal knowledge of all the allegations in this **Verified Complaint** for Declaratory and Injunctive Relief and the relief requested, and swear all of them to be true and correct to the best of my knowledge, information and belief;

4. I do hereby swear, attest, affirm, ascribe, and declare that the aforementioned claims are true, correct and accurate and that I have firsthand knowledge of the foregoing facts stated in this **Verified Complaint** as being true, correct and accurate, and I do so under penalty of the Constitution of the United States of America as such so help me god.

FURTHER AFFIANT SAYETH NOT.

_Nelson L. Bruce_ 10-31-21
Nelson L. Bruce