IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| NELSON L. BRUCE,<br><br>             Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, and UNKNOWN DOES 1-100,<br><br>             Defendants. | CASE NO.: 2:21-cv-03603-BHH-MGB |

**DEFENDANTS TRANS UNION LLC AND EXPERIAN INFORMATION SOLUTIONS, INC.'S REPLY IN SUPPORT OF THEIR JOINT MOTION FOR MORE DEFINITE STATEMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

COMES NOW, Defendants Trans Union LLC, ("Trans Union") and Experian Information Solutions, Inc., ("Experian") (hereinafter collectively referred to as the "CRA Defendants") and file this, their Reply in Support of their Joint Motion for More Definite Statement, and would respectfully show the Court as follows:

**SUMMARY OF REPLY**

Plaintiff's Response to the CRA Defendants' Motion for More Definite Statement (Dkt. 29) confirms that Plaintiff should be ordered to amend his Complaint and provide the required facts necessary to support his claims. Plaintiff's Response actually highlights the ways in which Plaintiff's Complaint fails to satisfy Rule 8 and notify the CRA Defendants as to the basis of the claim asserted against them. Accordingly, Plaintiff should be ordered to amend and provide a more definite statement.

## I. ARGUMENTS AND AUTHORITIES

**A. Plaintiff Argues that the Nature of his Claims can be Understood by Reference to External Documents**

Plaintiff repeatedly makes the argument in his Response that if Trans Union and Experian referred to various external documents that they will find the information missing from his Complaint that they need to respond to his claims. Dkt. 29, pgs. 3, 11 and 12. Plaintiff's argument demonstrates the need for Plaintiff to amend his Complaint. Although pro se pleadings must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, even pro se plaintiffs are required to comply with the fundamental requirements of the Federal Rules of Civil Procedure and substantive law. *See Weller v. Dept. of Soc. Servs.,* 901 F.2d 387, 391 (4th Cir. 1990). The liberal construction to be afforded a pro se litigant does not transform vague and conclusory arguments into valid claims for relief. Instead of providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Plaintiff instead would require Defendants to consult outside documents in order to respond to Plaintiff's allegations. *See* Fed. R. Civ. P. 8. This clearly violates the provisions Rule 8 and Plaintiff should instead be required to file an amended complaint.

**B. Plaintiff's Complaint is Unclear Regarding Whether Claims are Being Brought Under the FCRA**

Plaintiff's Response also shows that his Complaint needs to be amended to clarify whether he is bringing claims under the FCRA. Plaintiff alleges in his Complaint that, "[i]t appears this action may relate to [the FCRA]…," and he argues in his Response that "[i]t appears that an unverified account and information is also a form of [FCRA violation]…" Dkt. 29, p. 16 and Dkt. 1, ¶40. Plaintiff states in his Response that "[p]aragraph 40 of plaintiff's verified complaint regarding the FCRA speaks for itself…." Dkt. 29, p. 5. Plaintiff's attempt to remain ambiguous

regarding whether he is alleging claims under the FCRA cannot be allowed to stand. Defendants are clearly entitled to know the claims being brought against them. Plaintiff should be required to amend his Complaint to clarify whether he is bringing claims under the FCRA.

## C.     Verifying the Complaint Does not Establish Diversity Jurisdiction

Plaintiff's Complaint is absent of any facts supporting Plaintiff's contention that diversity jurisdiction exists. In his Response, Plaintiff appears to argue that as a result of his Complaint being verified that he satisfied the requirements to plead diversity. Dkt. 29, pgs. 8-9. However, without having pled sufficient facts supporting his claim of diversity jurisdiction, Plaintiff's verification is meaningless. The inclusion of a verification does not absolve Plaintiff from having to provide sufficient facts to establish diversity jurisdiction. Accordingly, the Court should grant the Motion for More Definite Statement and require Plaintiff to replead with an amended complaint that conforms with Rule 8.

## II.     CONCLUSION

For the foregoing reasons, the CRA Defendants respectfully request that the Court grant their Joint Motion for a More Definite Statement and direct Plaintiff to provide a more definite statement regarding his claims against the CRA Defendants within fourteen days after Notice of the Order, and to strike Plaintiff's pleading if he does not comply with the Order, and for such other relief as the Court deems necessary.

Dated this 11th day of February 2022.

Respectfully submitted,

CLEMENT RIVERS, LLP

*s/ Wilbur E. Johnson*

Wilbur E. Johnson, Federal ID No.: 2212
wjohnson@ycrlaw.com
25 Calhoun Street, Suite 400
Charleston, SC 29401
Tel: (843) 724-6659
Fax: (843) 579-1332
**Counsel for Trans Union LLC**


ADAMS AND REESE LLP

*s/ Lyndey RZ Bryant*

Lyndey R. Z. Bryant, Federal ID No.: 11506
lyndey.bryant@arlaw.com
1501 Main Street, Fifth Floor
Columbia, SC 29201
Tel: (803) 212-4958
Fax: (803) 779-4749
**Counsel for Experian Information Solutions, Inc.**

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 11, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

| | |
|---|---|
| Rita Bolt Barker<br>rbarker@wyche.com<br>Wyche PA<br>200 E Camperdown Way<br>Greenville, SC 29601<br>(864) 242-8235<br>***Counsel for Equifax Information Solutions, LLC*** | Lyndey Ritz Zwing Bryant<br>lyndey.bryant@arlaw.com<br>Adams and Reese LLP<br>1501 Main Street, Fifth Floor<br>Columbia, SC 29201<br>(803) 212-4958<br>***Counsel for Experian Information Solutions, Inc.*** |

      I further certify that I forwarded a copy of the foregoing by U.S. First Class Mail to the following non-CM/ECF participants:

Nelson L. Bruce
PO BOX 3345
Summerville, SC 29484-3345
***Pro Se Plaintiff***

      *s/ Wilbur E. Johnson*
      **WILBUR E. JOHNSON**