**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Nelson L. Bruce, South Carolina Department of Consumer Affairs,<br><br>    Plaintiff,<br><br> v.<br><br>Equifax Information Solutions, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), TransUnion LLC, UNKNOWN DOE'S 1-100, et al.,<br><br>    Defendants. | Case No. 2:21-cv-03603-BHH-MGB<br><br><br>**EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S SUPPLEMENTAL COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES** |

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Supplemental Complaint and asserts its affirmative and other defenses as follows:

**PRELIMINARY STATEMENT**

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

**<u>INTRODUCTION</u>**

**<u>COMPLAINT ¶1:</u>**

Plaintiff Nelson L. Bruce seeks redress and statutory damages for defendants knowing, willful, malicious. negligent. deformational acts in violation of the SCCPC under Title 37 - CHAPTER 20 - Consumer Identity Theft Protection (SECTION 37-20-170(A)&(B)(1)(3)(4).

**<u>ANSWER:</u>**

Equifax denies that Plaintiff is entitled to any relief against Equifax.

**COMPLAINT ¶2:**

Plaintiff bring this action regarding Disputes as to accuracy of his consumer records; penalties for willful and negligent violations; attorney fees; civil damages and injunctive relief as defendants have failed to provide plaintiff with, "the basis for the denial of his dispute, "a notice that, if requested by the consumer, the consumer reporting agency shall provide the consumer with a description of the procedure used by the consumer reporting agency to determine the accuracy and completeness of the information," and sufficient evidence that the information that has been reported or updated is true and accurate information as it relates to that consumer in violation of the South Carolina Consumer Protection Code Title 37 Chapter 20 as plaintiff is requesting actual and/or statutory damages in the amounts provided under D and E of title 37 chapter 20 at 170 (37-20-170) for each incident of inaccurate reporting up until deletion.

**ANSWER:**

Equifax denies Plaintiff's allegations against Equifax and denies that Plaintiff is entitle to

any damages against Equifax.

**COMPLAINT ¶3:**

Plaintiff makes these allegations upon personal firsthand knowledge.

**ANSWER:**

This Paragraph does not contain any allegations against Equifax. To the extent a response

is required, Equifax denies the allegations in Paragraph 3.

**COMPLAINT ¶4:**

While many violations are described below with specificity, this Complaint alleges violations of the laws and statutes cited in their entirety.

**ANSWER:**

This Paragraph does not contain any allegations against Equifax. To the extent a response

is required, Equifax denies the allegations in Paragraph 4.

**COMPLAINT ¶5:**

Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing, Willful, intentional, reckless, negligent and done with malice, the intent to injure plaintiff, to harm and damage the plaintiff and his credit worthiness as Defendants did not maintain procedures reasonably adapted to avoid any such violations and did not do a proper investigation or reinvestigation into the matter before finally deleting the inaccurately reported accounts in an unreasonable time.

**ANSWER:**

Equifax denies the allegations in Paragraph 5.

## JURISDICTION AND VENUE

**COMPLAINT ¶6:**

This court has jurisdiction under 28 U.S. Code § 1332(a)(1) because of diversity and the jurisdictional amount for damages is over $75,000.

**ANSWER:**

Equifax denies the allegations in Paragraph 6.

**COMPLAINT ¶7:**

This action arises out of Defendant's violations of the South Carolina Consumer Protection Code (SCCPC) SECTION 37-20-170 et. Seq..

**ANSWER:**

Equifax denies the allegations in Paragraph 7.

**COMPLAINT ¶8:**

Trans Union LLC is a wholly owned subsidiary of TransUnion Intermediate Holdings, Inc. (the parent company) [ECF No. 16 pgs. 1-2; 1 C which is hereby incorporated by reference]. Upon information and belief, TransUnion Intermediate Holdings, Inc. is the only member with ownership interest owning 100% of Trans Union, LLC which would indicate that TransUnion LLC is a single member LLC and have no partners.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 8.

**COMPLAINT ¶9:**

Upon information and belief, TransUnion Intermediate Holdings, Inc. is incorporated in Delaware [see ... Exhibit- 1.1 filed with plaintiff's motion to vacate 2-22-2022 order, which is hereby incorporated by reference] therefore Trans Union LLC is a citizen of Delaware as its owner/member TransUnion Intermediate Holdings, Inc. is incorporated in Delaware as this is the Corporations Principle place of business.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 9.

**COMPLAINT ¶10:**

Through an investigation and an extensive review of the public records in all 50 states reviewing Trans Union LLC' s Business Filings and registrations [see ... Exhibit - 3 .1, filed with plaintiffs motion to vacate 2-22-2022 order, which is hereby incorporated by reference] business filings through the secretary of state and links. Upon information and belief and to the best of plaintiffs knowledge, Christopher A. Cartwright is registered publically as a member of the LLC in the state of Oregon with zero percent ownership interest [see ... Exhibit - 1.2, filed with plaintiff's motion to vacate 2-22-2022 order, which is hereby incorporated by reference) is domiciled in the state of Illinois therefore is a citizen of Illinois. Although not listed as members of the LLC, Christopher A. Cartwright, Heather Russell, Todd M. Cello, Mick Forde, RC Gluth, Gordon E. Schaechterle, Robert A. Pritzker, Jay A. Pritzker, Harry C. Gambill are publically listed as Managers, Presidents, Vice Presidents, Assistant Secretaries, Organizers, Officers, CEO's, CFO's, Governors, et al ... upon information and belief are all domiciled in Illinois therefore are citizens of the state of Illinois. It appears that all 50 states evidence a physical operating location in Illinois at 555 West Adams Street, Chicago, Illinois 60661. Should any of the above individuals constitute as members of the LLC, upon information and belief and to the best of plaintiff's knowledge, all the above named individuals are not citizens of South Carolina therefore this court has diversity jurisdiction.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 10.

**COMPLAINT ¶11:**

Equifax Information Services, LLC is a wholly owned subsidiary of Equifax, Inc. (the parent company)[see ... Exhibit - 2.1, filed with plaintiff's motion to vacate 2-22-2022 order, which is hereby incorporated by reference]. Upon information and belief, Equifax, Inc. is the only member with ownership interest owning 100% of Equifax Information Services LLC [see ... Exhibit - 2.2, filed with plaintiff's motion to vacate 2-22-2022 order, which is hereby incorporated by reference] which would indicate that Equifax Information Services, LLC is a single member LLC and have no partners.

**ANSWER:**

Equifax states that it filed its Corporate Disclosure Statement on December 27, 2021 and the information therein speaks for itself. [Doc No. 20.] To the extent that the Plaintiff misstates any of that information, Equifax denies the allegations in Paragraph 11.

**COMPLAINT ¶12:**

Upon information and belief, Equifax, Inc. is incorporated in Georgia [see ... Exhibit-2.3, filed with plaintiff's motion to vacate 2-22-2022 order, which is hereby incorporated by reference] therefore Equifax Information Services, LLC is a citizen of Georgia as Equifax, Inc. is incorporated in Georgia as this is the Corporations Principle place of business.

**ANSWER:**

Equifax admits that it is incorporated in Georgia.

**COMPLAINT ¶13:**

Through an investigation and an extensive review of the public records in all 50 states reviewing Equifax' s Information Services, LLC Business Filings and registrations [see ...Exhibit -3.2, filed with plaintiff's motion to vacate 2-22-2022 order, which is hereby incorporated by reference]. Upon information and belief and to the best of plaintiff's knowledge, Michael G. Bonfield has signed documents on behalf of Equifax Information Services, LLC in Indiana as a member with zero percent ownership interest in the LLC [see ... Exhibit- 2.4, filed with plaintiff's motion to vacate 2-22-2022 order, which is hereby incorporated by reference], Lisa Stockard and Karen Wit is registered as a member with zero percent ownership interest in the LLC in Louisiana [see ... Exhibit - 2.5, filed with plaintiffs motion to vacate 2-22-2022 order, which is hereby incorporated by reference], all are domiciled in the state of Georgia therefore are citizens of the state of Georgia. Although not listed as members of the LLC, Lisa Stockard, Chad Meyer, John J. Kelley III, John W Gamble, Dale Peterkin, Michael Gabe Bonfield, Traci HornFeck, Lillian Juhazs, Emily Mcconnell, Logan Duncan, Mark Begor, William Catucci, Phillip Mazzilli, Sherri Duron, A. Hayes Wood and Doris S. Gulley are publically listed as Managers, Presidents, Assistant Secretaries, Treasurer's, Assistant Treasurer's, Vice Presidents, Officers, CEO's, CFO's, Organizers, Governors et al ... upon information and belief are all domiciled in Georgia therefore are citizens of the state of Georgia. It appears that all 50 states evidence a physical operating location in Georgia at **1S50 Peachtree Street NW, Atlanta, Georgia 30309.** Should any of the above individuals constitute as members of the LLC, upon information and belief and to the best of plaintiff's knowledge, all the above named individuals are not citizens of South Carolina therefore this court has diversity jurisdiction.

**ANSWER:**

Equifax denies the allegations in Paragraph 13.

**COMPLAINT ¶14:**

Experian Information Solutions, Inc. is a corporation with its principle place of business in **Los Angeles, California** and conducts business in South Carolina where a substantial part of the events or omissions giving rise to the claim occurred.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph  14.

**COMPLAINT ¶15:**

Venue is proper pursuant to **28 U.S.C. § 1391 (b),** as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

**ANSWER:**

Equifax denies the allegations in Paragraph  15.

**PARTIES**

**COMPLAINT ¶16:**

Plaintiff, Nelson L. Bruce, is a natural person, who resides in the State of South Carolina.

**ANSWER:**

Upon information and belief, Equifax admits the allegations in Paragraph 16.

**COMPLAINT ¶17:**

Plaintiff is a "consumer" as that term is defined by SECTION 37-20-110 (1).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 17.

**COMPLAINT ¶18:**

Plaintiff, The South Carolina Department of Consumer Affairs ("SCDCA"/ "Department") also known as the Department of Consumer Affairs is the state's consumer protection agency established in 1974. The SCDCA was put in place to protect South Carolina consumers. The Department has an interest in this case under 37-20-110 (H).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

**COMPLAINT ¶19:**

Defendant Equifax Information Services, LLC ("Equifax") is a business entity that regularly conducts business in South Carolina with its principal place of business as 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax is a "consumer reporting agency," as defined in 37-20-110(2) of the SCCPC and engaged in the business and or in the practice of assembling or evaluating consumer credit information or other information about consumers for the purpose of furnishing consumer reports, as defined in 37-20-110(2), to third parties.

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only. Equifax admits that its principal place of business is in Atlanta, Georgia. Equifax denies the remaining allegations in Paragraph 19.

**COMPLAINT ¶20:**

Defendant TransUnion, LLC ("TransUnion") is a business entity that regularly conducts business in South Carolina with its principal place of business as 555 West Adams Street, Chicago, Illinois 60661. TransUnion is a "consumer reporting agency," as defined in 37-20-110(2) of the SCCPC and engaged in the business and or in the practice of assembling or evaluating consumer credit information or other information about consumers for the purpose of furnishing consumer reports, as defined in 37-20-110(2), to third parties.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

**COMPLAINT ¶21:**

Defendant Experian Information Solutions, Inc. ("Experian") is a business entity that regularly conducts business in South Carolina and is registered in the State of South Carolina. Experian is a "consumer reporting agency," as defined in 37-20-110(2) of the SCCPC and engaged in the business and or in the practice of assembling or evaluating consumer credit information or other information about consumers for the purpose of furnishing consumer reports, as defined in 37-20-110(2), to third parties.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 21.

**COMPLAINT ¶22:**

At all relevant times Defendants was a "consumer reporting agency" as that term is defined
by 37-20-110(2) of the SCCPC.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 22.

## STATUTORY BACKGROUND

**COMPLAINT ¶23:**

The South Carolina Consumer Protection Code Title 37 Chapter 20 is a consumer
protection statute which regulates the activities of a "Consumer credit-reporting agency" or
"consumer reporting agency" or Person regarding the accuracy of credit reports, and which
provides certain rights to consumers affected by the inaccurate reporting of information to
consumer credit reports.

**ANSWER:**

Equifax states that the referenced authority speaks for itself, and to the extent Plaintiff

misstates, misquotes, or takes out of context the referenced authority, Equifax denies the

allegations in Paragraph 23.

## FACTUAL ALLEGATIONS

**COMPLAINT ¶24:**

At all times relevant to this matter, Plaintiff was an individual, a natural person, a consumer
residing within the State of South Carolina.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 24.

**COMPLAINT ¶25:**

Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants who have failed to provide plaintiff with written results of the reinvestigation of his dispute related to the accuracy of his consumer report within thirty days after receiving a notice of inaccuracy from plaintiff in the form of a dispute either electronically or written.

**ANSWER:**

Equifax denies Plaintiff's claims against Equifax. Equifax lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 25.

**COMPLAINT ¶26:**

Plaintiff sent notices of dispute on multiple occasions to TransUnion disputing in 2018 and 2019, the accuracy of his consumer record and the tradelines associated with BAC HOME LOANS SERV LP, BARCLAYS BANK DELAWARE, CARRINGTON MORTGAGE SERVICES, ONEMAIN FINANCIAL, PENTAGON FCU, PENTAGON FEDERAL CREDIT, SYNCB/CARE CREDIT, SYNCB/LOWES, and SYNCB/WALMART DUAL CARD accounts that appeared and been published and reporting on plaintiff's consumer credit report for a total of eleven (11) inaccurate accounts reported that eventually resulted in these accounts being deleted in 2019 as a result of plaintiffs dispute.

**ANSWER:**

Equifax denies Plaintiff's claims against Equifax. Equifax lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 26.

**COMPLAINT ¶27:**

Plaintiff sent notices of dispute on multiple occasions to Equifax disputing in 2018 and 2019, the accuracy of his consumer record and the tradelines associated with CARRINGTON MORTGAGE, SYNCB/LOWES, and SYNCB/WALMART DC accounts that appeared and been published and reporting on plaintiff's consumer credit report for a total of three (3) inaccurate accounts reported that eventually resulted in these accounts being deleted in 2019 as a result of plaintiff's dispute.

**ANSWER:**

Equifax denies Plaintiff's claims against Equifax. Equifax lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 27.

**COMPLAINT ¶28:**

Plaintiff sent notices of dispute on multiple occasions to Experian disputing in 2018 and 2019, the accuracy of his consumer record and the tradelines associated with SYNCB/CARE CREDIT, SYNCB/LOWES, and SYNCB/WALMART DC accounts that appeared and been published and reporting on plaintiff's consumer credit report for a total of three (3) inaccurate accounts reported that eventually resulted in these accounts being deleted in 2019 as a result of plaintiffs dispute.

**ANSWER:**

Equifax denies Plaintiff's claims against Equifax. Equifax lacks knowledge or information

sufficient to form a belief about the truth of the remaining allegations in Paragraph 28.

**COMPLAINT ¶29:**

Plaintiff sent a notice of dispute to Equifax disputing, the accuracy of his consumer record and the tradelines associated with CARRINGTON MORTGAGE, SYNCB/LOWES, and SYNCB/WALMART DC accounts that appeared and been published and reporting on plaintiff's consumer credit report on multiple occasions, in 2018 and 2019 for a total of three (3) inaccurate accounts reported that eventually resulted in these accounts being deleted in 2019 as a result of plaintiffs dispute.

**ANSWER:**

Equifax denies Plaintiff's claims against Equifax. Equifax lacks knowledge or information

sufficient to form a belief about the truth of the remaining allegations in Paragraph 29.

**COMPLAINT ¶30:**

Defendants notified the Plaintiff that it had initiated an investigation or reinvestigation into the said complained about disputed matters on multiple occasions which resulted in the alleged tradelines eventually being deleted as defendants.

**ANSWER:**

Equifax denies Plaintiff's claims against Equifax. Equifax lacks knowledge or information

sufficient to form a belief about the truth of the remaining allegations in Paragraph 30.

**COMPLAINT ¶31:**

Defendants investigation did not resolve the dispute and Plaintiff subsequently on multiple occasions requested that the accounts be removed/deleted from plaintiffs report which Defendants as a result of the original dispute alleged that the information has been verified as accurate without providing plaintiff with written results of the reinvestigation identifying (1) the basis for the denial

of his dispute, (2) with a description of the procedure used by the consumer reporting agency to determine the accuracy and completeness of the information, and (3) sufficient evidence that the information is true and accurate information as it relates to that consumer and his dispute.

**ANSWER:**

Equifax denies Plaintiff's claims against Equifax. Equifax lacks knowledge or information

sufficient to form a belief about the truth of the remaining allegations in Paragraph 31.

**COMPLAINT ¶32:**

SECTION 37-20-170 of the SCCPC provides the procedure by which a consumer reporting agency ("CRA") must abide by whenever a consumer disputes the accuracy of their consumer record. It provides that:

A.      If a consumer disputes the accuracy of an item in the consumer's records with a consumer reporting agency, the consumer may give notice in writing to the consumer reporting agency specifying in what manner the report is inaccurate and the consumer reporting agency shall reinvestigate the inaccuracy at no charge to the consumer, provide the consumer with sufficient evidence that the information is true and accurate information as it relates to that consumer, and record the current status of the disputed information. The consumer reporting agency shall provide forms for that notice and shall assist a consumer in preparing the notice when requested.

B.      Within thirty days after receiving a notice of inaccuracy, a consumer reporting agency shall deny or admit the inaccuracy to the consumer in writing. if the consumer reporting agency denies the inaccuracy, the consumer reporting agency shall include the following information with the written results of the reinvestigation:

(1)      the basis for the denial;

(2)      a copy of the consumer's file that is based on the consumer's file as revised as a result of the reinvestigation, including the business name and address of any furnisher of information who was contacted in connection with that information and, if reasonably available, the telephone number of the furnisher;

(3)      a notice that, if requested by the consumer, the consumer reporting agency shall provide the consumer with a description of the procedure used by the consumer reporting agency to determine the accuracy and completeness of the information; and

(4) sufficient evidence that the information is true and accurate information as it relates to that consumer.

C.      If the consumer reporting agency admits that the item is inaccurate, it shall correct the item in its records and, on request by the consumer, it shall inform any person who within the last six months has previously received a report containing that inaccurate information.

D.      In addition to all other penalties that may be imposed, a consumer credit-reporting agency or other person that knowingly and wilfully violates a provision of this chapter is liable for three times the amount of actual damages or three thousand dollars for each incident, whichever is greater, as well as reasonable attorney's fees and costs.

E.      In addition to all other penalties that may be imposed, a consumer credit-reporting agency or other person that negligently violates this chapter is liable for the greater of actual damages or one thousand dollars for each incident, as well as reasonable attorney's fees and costs.

F.      In addition to the damages assessed pursuant to subsections (D) and (E), if the injury is to the consumer's creditworthiness, credit standing, credit capacity, character, general reputation, employment options, or eligibility for insurance, and results from the failure to take inaccurate information off of a credit report and the failure is not corrected by the consumer credit-reporting agency within ten days after the entry of a judgment for damages, the assessed damages must be increased to one thousand dollars each day until the inaccurate information is removed from the consumer's record.

G.      A consumer seeking damages pursuant to this section also may institute a civil action to enjoin and restrain future acts constituting a violation of this chapter.

H.      The remedial provisions of this chapter are cumulative of and in addition to any other action at law and any action taken by the Department of Consumer Affairs pursuant to Chapter 6.

I.      This section is not intended, and must not be construed, to confer liability on a person who acts reasonably and who does not act wilfully or negligently.

**ANSWER:**

Equifax states that the referenced authority speaks for itself, and to the extent Plaintiff

misstates, misquotes, or takes out of context the referenced authority, Equifax denies the

allegations in Paragraph 32.

**COMPLAINT ¶33:**

Defendants intentionally allowed and continued to report disputed inaccurate consumer records which as the CRA transmits via an automatic credit dispute verification (ACDV) form to the furnisher of the contested information reported to plaintiffs consumer credit report by knowingly, willfully, and negligently failing to provide the basis for the denial of the disputed accounts and the information being reported, failed to provide the description or the procedure used to determine the accuracy and completeness of the information being reported supported by sufficient evidence that the information that is being reported is true and accurate information as it relates to the consumer, in this case the plaintiff in violation of 37-20-170(A)&(B)(1)(3)&(4) of the SCCPC.

**ANSWER:**

Equifax denies Plaintiff's allegations in Paragraph 33.

**COMPLAINT ¶34:**

Defendant's acts are knowing, willful and grossly negligent.

**ANSWER:**

Equifax denies Plaintiff's allegations in Paragraph 34.

**COMPLAINT ¶35:**

The SCCPC is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." These duties are triggered whenever a consumer sends a notice of dispute to a credit reporting agency who then notifies the furnisher that a consumer has disputed information that it provided to the agency. Once this occurs, within thirty days after receiving a notice of inaccuracy, and the credit reporting agency denies the dispute by allowing the data furnisher to continue to report the disputed accounts and information, the CRA was to the provide consumer with the basis for the denial, provide a notice that, if requested by the consumer, the consumer reporting agency shall provide the consumer with a description of the procedure used by the consumer reporting agency to determine the accuracy and completeness of the information, and reinvestigate the inaccuracy at no charge to the consumer, provide the consumer with sufficient evidence that the information is true and accurate information as it relates to that consumer, and record the current status of the disputed information.

**ANSWER:**

Equifax states that the referenced authority speaks for itself, and to the extent Plaintiff misstates, misquotes, or takes out of context the referenced authority, Equifax denies the allegations in Paragraph 35.

**COMPLAINT ¶36:**

Any CRA who knowingly and wilfully violates a provision of this chapter is liable for three times the amount of actual damages or three thousand dollars for each incident, whichever is greater, as well as reasonable attorney's fees and costs. SECTION 37-20-170 (D).

**ANSWER:**

Equifax states that the referenced authority speaks for itself, and to the extent Plaintiff misstates, misquotes, or takes out of context the referenced authority, Equifax denies the allegations in Paragraph 36.

**COMPLAINT ¶37:**

Any CRA who negligently violates this chapter is liable for the greater of actual damages or one thousand dollars for each incident, as well as reasonable attorney's fees and costs. SECTION 37-20-170 (E).

**ANSWER:**

Equifax states that the referenced authority speaks for itself, and to the extent Plaintiff misstates, misquotes, or takes out of context the referenced authority, Equifax denies the allegations in Paragraph 37.

**COMPLAINT ¶38:**

Defendants have reported inaccurate accounts and or accounts that did not belong to the plaintiff for which he disputed and was eventually deleted after another investigation by the defendants thereby admitting that they did not do a proper investigation of plaintiff's previous disputes in 2018, and 2019 and therefore are liable for damaging and injuring plaintiff under o plaintiff under 37-20-170(A)&(B)(1)(3)&(4) as a result of their violations have negatively affected, (1) his credit score, (2) resulted in lost opportunities to enter into credit transactions, (3) damaged his reputation, (4) resulted in personal embarrassment, humiliation, and other mental emotional distress.

**ANSWER:**

Equifax denies Plaintiff's allegations in Paragraph 38.

**COMPLAINT ¶39:**

It appears that by defendants failing to properly investigate the dispute, they have failed do their own investigation and provide the basis for their denial, the a description of the procedure used by the consumer reporting agency to determine the accuracy and completeness of the information and sufficient evidence that the information is true and accurate information as it relates to the consumer therefore are knowing, willful, and negligent.

**ANSWER:**

Equifax denies Plaintiff's allegations in Paragraph 39.

**COMPLAINT ¶40:**

Plaintiff received results of his disputes from Defendants with standard form language in 2018 and 2019.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 40.

**COMPLAINT ¶41:**

Plaintiffs claim is typical of the 3 year statute per incident of continuous inaccurate reporting of consumer's record up until the date of deletions which is an admittance of inaccurate reporting by the defendants.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 41.

**COMPLAINT ¶42:**

As a result of Defendants actions, Plaintiff has been damaged and injured, Plaintiff's creditworthiness, credit standing, credit capacity, character, general reputation, employment options, eligibility for insurance, all resulting from the failure to properly investigate, to correct and or remove inaccurate information off of the plaintiffs consumer credit report in a reasonable time.

**ANSWER:**

Equifax denies Plaintiff's allegations in Paragraph 42.

**COMPLAINT ¶43:**

Defendants has acted with ill will, recklessly or wantonly, or with conscious indifference to the plaintiffs rights.

**ANSWER:**

Equifax denies Plaintiff's allegations in Paragraph 43.

**COMPLAINT ¶44:**

Plaintiff has tried to settle these matters before filing suit by sending Notices of Intent to all defendants between August and September of 2021 only to be ignored by defendants sending

plaintiff a general response therefore plaintiff is exercising his right to litigate these matters before the court.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 44.

**COMPLAINT ¶45:**

It appears that the Fourth Circuit has held, applying South Carolina law, that malice under the FCRA 15 U.S.C. § 1681h(e) occurs where the defendant acted with ill will, recklessly or wantonly, or with conscious indifference to the plaintiffs rights which is alleged here. Beattie v. NationsCredit Fin. Servs. Corp., 69 Fed. Appx. 585, 590-91 (4th Cir. 2003) as is the case here.

**ANSWER:**

Equifax states that the referenced authority speaks for itself, and to the extent Plaintiff

misstates, misquotes, or takes out of context the referenced authority, Equifax denies the

allegations in Paragraph 45.

**COMPLAINT ¶46:**

It appears that a provision of the FCRA bars consumers from bringing actions "in the nature of defamation, invasion of privacy, or negligence" in certain specified contexts, except as those causes of action arise under sections 1681n and 16810 of the FCRA. 15 U.S.C.A. § 1681h(e). See... Yutesler v. Sears Roebuck Co., 263 F.Supp.2d 1209, 1212 (D.Minn. 2003) (finding the plaintiffs common-law defamation claim not preempted by the FCRA); Carlson v. Trans Union, LLC, 259 F.Supp.2d 517, 521-22 (N.D.Tex. 2003) (same); Domhecker v. Ameritech Corp., 99 F.Supp.2d 918, 930-31 (N.D.IU. 2000) (same); see also Tracy Bateman Farrell, Preemption of State Law by Fair Credit Reporting Act, 8 A.L.R. Fed.2d 233, §§ 10-12, 16-17 (2006) (summarizing case law finding no preemption by the FCRA). It appears that the state law claims do not conflict with the FCRA and therefore are consistent with federal law and are not preempted (15 U.S. Code § 1681t(a)).

**ANSWER:**

Equifax states that the referenced authority speaks for itself, and to the extent Plaintiff

misstates, misquotes, or takes out of context the referenced authority, Equifax denies the

allegations in Paragraph 46.

**COMPLAINT ¶47:**

It appears this action may relate to 15 U.S.C. §§ 1681n and 16810 which create causes of action in favor of consumers against consumer reporting agencies if the reporting agency has either negligently or willfully failed to comply with "any requirement" (emphasis added) of FCRA. The requirement that may be at issue here is § 1681e(b) which provides that a consumer reporting agency must "follow reasonable procedures to assure maximum possible accuracy of the information" contained in a consumer report. Since Defendants intentionally allowed inaccurate, invalid, unauthorized information to be reported without doing a proper investigation or reinvestigation into the dispute, defendants acted with malice and willful intent to injure the consumer which is a requirement to allow state law claims to proceed against consumer reporting agencies (see...15 U.S.C. § 1681h(e)).

**ANSWER:**

Equifax states that the referenced authority speaks for itself, and to the extent Plaintiff misstates, misquotes, or takes out of context the referenced authority, Equifax denies the allegations in Paragraph 47.

## RESERVATIONS OF RIGHTS

**COMPLAINT ¶48:**

Plaintiffs hereby reserves the right to request leave of court at a later date to amend his complaint to amend his claims, to add more claims and enjoin defendants relevant to the case.

**ANSWER:**

This Paragraph does not contain any allegations against Equifax.  To the extent a response is required, Equifax denies the allegations in Paragraph 48.

**COMPLAINT ¶49:**

Plaintiff reserves the right to add additional damages under this section throughout the litigation as an addition to the damages presented herein as part of any and all judgments.

**ANSWER:**

This Paragraph does not contain any allegations against Equifax.  To the extent a response is required, Equifax denies the allegations in Paragraph 49.

## AS AND FOR A FIRST CAUSE OF ACTION
## DEFAMATION ("LIBEL")

**COMPLAINT ¶50:**

The Allegations claimed in paragraphs 1 through 49 of this entire complaint are re-alleged and incorporated by reference herein as if set forth verbatim.

**ANSWER:**

Equifax incorporates its answers to paragraphs 1 through 42 as its answer to Paragraph 50.

**COMPLAINT ¶51:**

The defendants are guilty of defamation per se, in that defendants intentionally allowed third parties to submit inaccurate information which was published by the credit reporting agencies, the defendants without providing plaintiff with the basis for their denial of his notice of dispute, a description of the procedure used by the consumer reporting agency to determine the accuracy and completeness of the information as requested by the consumer, and sufficient evidence that the information defendants was allowing to be reported is true and accurate information as it relates to the plaintiff and his rights with which are inaccurate and unauthorized by the plaintiff to be reported as it is intended to harm and defame plaintiff's reputation when published to third parties who request for reports to qualify or approve Plaintiff based off of his credit and credit worthiness.

**ANSWER:**

Equifax denies the allegations in Paragraph 51.

**COMPLAINT ¶52:**

The defamatory statements, payment history and balances published to consumer reporting agencies and published in plaintiff's consumer report attribute to the Plaintiff an unfitness and lack of integrity in both his personal and professional capacity as there were inaccurate.

**ANSWER:**

Equifax denies the allegations in Paragraph 52.

**COMPLAINT ¶53:**

The statements and negligent malicious reporting have harmed, damaged and injured the plaintiff, his reputation for creditworthiness and financial responsibility, and has resulted in loss of credit, in ability to maintain and access credit that would otherwise be available to him, all of which has resulted in pecuniary harm and mental anguish.

**ANSWER:**

Equifax denies the allegations in Paragraph 53.

**COMPLAINT ¶54:**

Defendants are each separately and individually liable to plaintiff for damages caused by their actions in an amount equal to or greater than $250,000. Courts frequently sustain emotional distress awards in the range of $250,000 in defamation cases. See, e.g., Stamathis v. Flying J, Inc., 389 F.3d 429, 439 (4th Cir. 2004) (upholding an award of $240,000 for "insult, pain, and mental suffering"); Simon v. Shearson Lehman Bros., Inc., 895 F.2d 1304, 1319-20 (11th Cir. 1990) (upholding an award of $250,000, given that the slander caused "an impairment of [the plaintiffs] reputation, personal humiliation, and mental anguish and suffering").

**ANSWER:**

Equifax denies the allegations in Paragraph 54.

**COMPLAINT ¶55:**

The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**ANSWER:**

Equifax denies the allegations in Paragraph 55.

**AS AND FOR A SECOND CAUSE OF ACTION
LIABILITY AND DAMAGES UNDER**
*(Title 37 — of the South Carolina Consumer Protection Code) SECTION 37-20-170 ET. SEQ.*

**COMPLAINT ¶56:**

Plaintiff re-states, re-alleges, and incorporates herein by reference, all information in paragraphs 1 through 55 as if set forth verbatim.

**ANSWER:**

Equifax restates its answers to paragraphs 1 through 48 as its answer to Paragraph 56.

**COMPLAINT ¶57:**

At all times, Defendants knowingly, intentionally reported and allowed to be reported, inaccurate information with malice and willful intent to injure the plaintiff, the consumer (15 U.S.C. § 1681h(e)) as they failed to provide the basis for their denial of plaintiffs notice of dispute,

failed to provide a description of the procedure used by the consumer reporting agency to determine the accuracy and completeness of the information as requested by the consumer, and failed to provide to the consumer, sufficient evidence that the information being reported is true and accurate information as it relates to the consumer and his rights.

**ANSWER:**

Equifax denies the allegations in Paragraph 57.

**COMPLAINT ¶58:**

Defendants failed to correct, delete information found to be inaccurate, unauthorized, unverified, and in a reasonable time instead reinserted the information and failed to properly investigate Plaintiffs disputes.

**ANSWER:**

Equifax denies the allegations in Paragraph 58.

**COMPLAINT ¶59:**

Defendants failed to promptly investigate and re-investigate the accuracy of the accounts being reported and failed to promptly notify the consumer of the basis for their denial of his notice of dispute, a description of the procedure used by the consumer reporting agency to determine the accuracy and completeness of the information as requested by the consumer, and sufficient evidence that the information is true and accurate information as it relates to the consumer and his rights in violation of SC Consumer Protection Code SECTION 37-20¬170 (A) & (B) (1)(3) and (4).

**ANSWER:**

Equifax denies the allegations in Paragraph 59.

**COMPLAINT ¶60:**

As a result of the above violations of the SECTION 37-20-170 et. Seq., Defendants are each separately and individually liable to Plaintiff's for actual damages, and or statutory damages of $3,000 for knowing and wilful acts and $1,000 for negligent acts, for each incident of continuous monthly inaccurate reporting to be calculated within 12 months from each dispute to the date the accounts was deleted not to exceed 3 years of the statute of limitations, as well as reasonable attorney's fees and costs.

**ANSWER:**

Equifax denies the allegations in Paragraph 60.

**COMPLAINT ¶61:**

The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to Plaintiff for the full amount of statutory, and actual damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**ANSWER:**

Equifax denies the allegations in Paragraph 61.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants as specified above and the following:

a)    An Declaration and Injunction against all defendants, their successors, assigns, affiliates, partners, both known and unknown does, etc. al., pursuant to SECTION 37-20-170 (H) to restrain all parties from future acts constituting a violation of this chapter.

b)    Plaintiff if applicable, is also entitled to attorney fees and costs pursuant to SECTION 37-20-170 et. seq.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief, fees, or damages against Equifax.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs requests, and demands trial by jury on all issues so triable.

**ANSWER:**

Equifax admits that Plaintiff demands a trial by jury.  Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax asserts the following affirmative and other defenses to the Complaint:

**FIRST DEFENSE**

Equifax is not subject to general or specific jurisdiction in this Court as to the claims brought by Plaintiff against it. Equifax is neither incorporated nor headquartered in South Carolina, and the conduct giving rise to Plaintiff's claim occurred outside of South Carolina and was not targeted at South Carolina.

**SECOND DEFENSE**

Plaintiff's claim fails in whole or in part to state a claim against Equifax Information Solutions LLC upon which relief can be granted.

**THIRD DEFENSE**

Equifax Information Solutions LLC is not a proper party to this lawsuit.

**FOURTH DEFENSE**

Equifax Information Solutions LLC is not a consumer reporting agency under the FCRA.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)  Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)  it be dismissed as a party to this action; and

(3)  it recover such other and additional relief as the Court deems just and appropriate.

[Signature on following page]

DATED:  April 5, 2022                    Respectfully submitted,

                                         WYCHE, P.A.

                                         /s/ *Rita Bolt Barker*
                                         Rita Bolt Barker (Fed. ID No. 10566)
                                         200 East Broad Street. Suite 400
                                         Greenville, South Carolina 29601
                                         Telephone: (864) 242-8235
                                         Facsimile:  (864) 235-8900
                                         Email:  rbarker@wyche.com

                                         *Attorneys for Defendant Equifax  Information
                                         Services LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nelson L. Bruce, South Carolina Department of Consumer Affairs,<br><br>Plaintiff,<br><br>v.<br><br>Equifax Information Solutions, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), TransUnion LLC, UNKNOWN DOE'S 1-100, et al.,<br><br>Defendants. | Case No. 2:21-cv-03603-BHH-MGB<br><br><br>**CERTIFICATE OF SERVICE FOR EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S SUPPLEMENTAL COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES** |

I hereby certify that on April 5, 2022, I presented the foregoing EQUIFAX INFORMATION SERVICES, LLC'S ANSWER TO PLAINTIFF'S SUPPLEMENTAL COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following counsel of record and forwarded a copy of the foregoing by US Mail First Class to the following non-CM/ECF participants:

> Nelson L. Bruce, Propria Persona, Sui Juris
> "All Natural Rights Explicitly Reserved and Retained"
> U.C.C.1-207/ 1-308, 1-103.6
> c/o P.O. Box 3345
> Summerville, South Carolina [29484]
> Phone: 843-437-7901
> Email: leonbruce81@yahoo.com

*/s/ Rita Bolt Barker*
Rita Bolt Barker
Counsel for Defendant Equifax Information Services LLC