IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| NELSON L. BRUCE<br><br>    Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, UNKNOWN DOE'S 1-100, et al.<br><br>    Defendants. | Case No. 2:21-cv-03603-BHH-MGB |

**DEFENDANTS TRANS UNION LLC AND EXPERIAN
INFORMATION SOLUTIONS, INC.'S MOTION FOR MORE
DEFINITE STATEMENT AND MEMORANDUM IN SUPPORT**

COME NOW, Trans Union LLC, ("Trans Union") and Experian Information Solutions, Inc. ("Experian"), Defendants in the above-entitled lawsuit, and pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, files its Motion for a More Definite Statement and Memorandum in Support.

**I.**

**INTRODUCTION**

On March 22, 2022, Plaintiff Nelson L. Bruce ("Plaintiff") filed his Supplemental Verified Complaint ("Amended Complaint") (Doc. 41) addressing the issue of subject matter jurisdiction pursuant to the Court's February 22, 2022, order (Doc. 37). Plaintiff has filed suit against Trans Union and Experian attempting to assert claims for Defamation ("Libel") and alleged violations of Title 37 of the South Carolina Consumer Protection Code, Section 37-20-170 *et seq.* Further, Plaintiff states that "this action may relate to 15 U.S.C. §§ 1681n and 1681o which create[s] causes of action in favor of consumers against consumer reporting agencies if the reporting agency has either negligently or willfully failed to comply with 'any requirement (emphasis added) of [the]

2686088.1

FCRA." (Doc. 41; ¶ 47.)   Plaintiff adds that "[t]he requirement that may be at issue here is § 1681e(b) which provides that a consumer reporting agency must 'follow reasonable procedures to assure maximum possible accuracy of the information' contained in a consumer report." (Doc. 41; ¶ 47.)

Plaintiff's barebones allegations that he sent notices of dispute of certain accounts to Trans Union and Experian in 2018 and 2019, which eventually resulted in the accounts being deleted, are insufficient to notify Trans Union and Experian as to the basis of the claims asserted against them. (*See* Doc. 41; ¶¶ 26, 28.) Plaintiff has cast further confusion about his allegations by claiming that this action "may relate" to the FCRA. Plaintiff's Supplemental Verified Complaint continues to fail to satisfy the pleading requirements of Rule 8 and Plaintiff should be compelled to file a more definite statement as to his claims against Trans Union and Experian.

## II.

## APPLICABLE LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  For this reason, Federal Rule of Civil Procedure 12(e) provides that a party may move for a more definite statement if " . . . a pleading . . . is so vague or ambiguous that the party cannot reasonably prepare a response."  FED. R. CIV. P. 12(e); *Martin v. Malhoyt*, 830 F.2d 237, 261 n.74 (D.C. Cir. 1987); *Sisk v. Texas Parks & Wildlife Dept.*, 644 F.2d 1056, 1059 (5th Cir. 1981).  A Rule 12(e) motion is appropriate when a complaint is so unintelligible that a responsive pleading cannot be crafted.  *See Bureerong v. Uvawasm,* 922 F. Supp. 1450, 1461 (C.D. Cal. 1996); *Taylor v. Cox,* 912 F. Supp. 140, 143 (E.D. Pa. 1995).

### III.

### ARGUMENTS AND AUTHORITIES

It is unclear which claims for relief Plaintiff is actually asserting in his Amended Complaint. While Plaintiff purports to assert claims for defamation and claims under the South Carolina Consumer Protection Code, Plaintiff also appears to assert claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* (*See* Doc. 41; ¶ 47.) Even putting aside the unclear nature of which claims are actually being asserted, Plaintiff's sparse allegations regarding alleged notices of disputes to Trans Union and Experian are insufficient to support any of these claims. Plaintiff does not provide allegations sufficient to identify each of the material elements under his claims. Further, Plaintiff wholly fails to allege any facts that would entitle him to relief under any of the claims.

Trans Union and Experian request that the Court compel Plaintiff to file a more definite statement as to any claims against Trans Union and Experian, thereby allowing Trans Union and Experian the ability to respond to such claims. Rule 8 of the Federal Rules of Civil Procedure mandates that a pleading setting forth a claim contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claims need no new jurisdictional support; (2) a short and plain statement of the claims showing that the pleader is entitled to relief; and (3) a demand for the relief sought which may include relief in the alternative or different types of relief. FED. R. CIV. P. 8(a) (*emphasis added*).

Plaintiff has not alleged sufficient factual support for the claims the purports to assert. Plaintiff appears to assert claims for defamation, a violation of the South Carolina Consumer Protection Code, and, possibly, the FCRA. Here, Plaintiff's allegations are confusing and potentially conflicting. As to Trans Union, Plaintiff alleges that he "sent notices of dispute on multiple occasions to Trans Union disputing in 2018 and 2019, the accuracy of his consumer record

3

and the tradelines associated with BAC HOME LOANS SERV LP, BARCLAYS BANK DELAWARE, CARRINGTON MORTGAGE SERVICES, ONEMAIN FINANCIAL, PENTAGON FCU, PENTAGON FEDERAL CREDIT, SYNCB/CARE CREDIT, SYNCB/LOWES, and SYNCB/WALMART DUAL CARD accounts that appeared and been published and reporting on plaintiff's consumer credit report for a total of eleven (11) inaccurate accounts reported that eventually resulted in these accounts being deleted in 2019 as a result of plaintiffs dispute." (Doc. 41; ¶ 26.)

As to Experian, Plaintiff alleges that he "sent notices of dispute on multiple occasions to Experian disputing in 2018 and 2019, the accuracy of his consumer record and the tradelines associated with SYNCB/CARE CREDIT, SYNCB/LOWES, and SYNCB/WALMART DC accounts that appeared and been published and reporting on plaintiff's consumer credit report for a total of three (3) inaccurate accounts reported that eventually resulted in these accounts being deleted in 2019 as a result of plaintiff[']s dispute." (Doc. 41; ¶ 28.) Plaintiff states that "Defendants notified the Plaintiff that it had initiated an investigation or reinvestigation into the said complained about disputed matters on multiple occasions which resulted in the alleged tradelines eventually being deleted as defendants" (Doc. 41; ¶ 30.) Confusingly, Plaintiff next alleges that "**Defendants[']** investigation did not resolve the dispute and Plaintiff subsequently on multiple occasions requested that the accounts be removed/deleted from plaintiff' report which **Defendants as a result of the original dispute alleged that the information has** been verified as accurate without providing plaintiff with written results of the reinvestigation…" (Doc. 41; ¶ 31 (emphasis in original).)

Aside from these allegations that he disputed accounts with Trans Union and Experian (and that the disputes appeared to result in the deletion of the challenged accounts from his consumer

4

files), the remainder of his allegations are conclusory allegations and recitations of statutory text. What Plaintiff does not do is provide sufficient facts to support his claims. Plaintiff does not identify what is allegedly inaccurate with the accounts, when he first learned of any inaccuracies with the accounts, when (if at all) and to whom (if anyone) any such accounts (if they were, indeed, inaccurate) were reported, or when he made disputes to Trans Union and Experian (other than general references to the years 2018 and 2019). Here, where claims involving alleged credit disputes and defamatory conduct taking place in 2018 and 2019 may well be time barred,[1] it is imperative that Plaintiff plead sufficient facts to support his claims, including dates sufficient to allow such claims to stand. Further, Plaintiff's bald allegations that Defendants' conduct was willful [and negligent] are insufficient to raise the inference of violative conduct above the speculative level and, thus, to support his claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (Rule 8 requires a plaintiff to provide more than "labels and conclusions…[or] a formulaic recitation of the elements of a cause of action…"). Accordingly, Plaintiff has failed to allege sufficient facts to support his causes of action.

A more definite statement is necessary because the basic pleading requirements under Fed. R. Civ. P. 8 have not been met. Plaintiff's Amended Complaint remains ambiguous and vague. Trans Union and Experian cannot frame a responsive pleading without making assumptions about Plaintiff's allegations, and Trans Union and Experian are not required to make assumptions. As Defendants, Trans Union and Experian are expected to respond to the pleadings in short and plain terms, asserting defenses and admitting or denying the averments upon which the opposing party relies. Fed. R. Civ. P. 8(b). As it stands, the Amended Complaint does not provide allegations sufficiently definite to determine which claims Plaintiff actually intends to assert (particularly as

---

[1] *See* 15 U.S.C. § 1681p (FCRA), S.C. Code Ann. § 15-3-540(2) (SCCPC) and S.C. Code Ann. § 15-3-550 (defamation).

to the FCRA language in the Amended Complaint) or the facts upon which the claims are premised, and *more importantly*, does not provide Trans Union and Experian with the ability to properly state any defenses and comply with its obligations under Rule 8(b).[2]

Accordingly, Trans Union and Experian request that Plaintiff be compelled to further amend his Amended Complaint to provide a more definite statement as to the basis of said claims.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union and Experian respectfully request that this Honorable Court direct Plaintiff to provide a more definite statement, within fourteen days after Notice of the Order, to strike Plaintiff's pleadings if he does not comply with the Order, and for such other relief as the Court deems necessary.

<  **SIGNATURE BLOCK IS ON NEXT PAGE**  >

---

[2] As pled, Plaintiff's claims are vague and confusing such that Trans Union and Experian cannot frame a responsive pleading. For example, Defendants cannot reasonably determine whether it has a preemption defense based upon the FCRA, *see* 15 U.S.C. 1681h(e), or whether certain statutes of limitation may apply based on the scant information in the Amended Complaint. S*ee, e.g.,* 15 U.S.C. § 1681p (FCRA), S.C. Code Ann. § 15-3-540(2) (SCCPC) and S.C. Code Ann. § 15-3-540 (defamation). Trans Union and Experian do not waive any defenses that may be asserted in any subsequent responsive pleading, including without limitation – statutes of limitation, laches, preemption, or failure to state a claim upon which relief may be granted.

        Respectfully submitted,

        CLEMENT RIVERS, LLP

        *s/ Wilbur E. Johnson*
        Wilbur E. Johnson, Federal ID No.: 2212
        wjohnson@ycrlaw.com
        25 Calhoun Street, Suite 400
        Charleston, SC 29401
        (843) 724-6659
        (843) 579-1332 Fax
        ***Counsel for Trans Union LLC***

        and

        ADAMS AND REESE LLP

        *s/ Luke M. Allen*
        Lyndey Ritz Zwing Bryant, Federal ID No.: 11506
        lyndey.bryant@arlaw.com
        Luke M. Allen
        luke.allen@arlaw.com
        1501 Main Street, Fifth Floor
        Columbia, SC 29201
        (803) 212-4958
        (803) 779-4749 Fax
        ***Counsel for Experian Information Solutions, Inc.***

Dated: May 2, 2022

## CERTIFICATE OF SERVICE

    I hereby certify that on May 2, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record.

| | |
|---|---|
| Rita Bolt Barker<br>rbarker@wyche.com<br>Wyche PA<br>200 E Camperdown Way<br>Greenville, SC 29601<br>***Counsel for Equifax Information Solutions, LLC*** | Lyndey Ritz Zwing Bryant<br>lyndey.bryant@arlaw.com<br>Luke M. Allen<br>luke.allen@arlaw.com<br>Adams and Reese LLP<br>1501 Main Street, Fifth Floor<br>Columbia, SC 29201<br>***Counsel for Experian Information Solutions, Inc.*** |

    I further certify that I forwarded a copy of the foregoing by U.S. First Class Mail to the following non-CM/ECF participants:

Nelson L. Bruce
PO BOX 3345
Summerville, SC 29484-3345
***Pro Se Plaintiff***

                                         *s/ Wilbur E. Johnson*
                                         **WILBUR E. JOHNSON**