IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| NELSON L. BRUCE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, LLC; TRANSUNION, LLC; AND UNKNOWN DOES 1-100,<br><br>　　　　　Defendants. | CASE NO.: 2:21-cv-03603-BHH-MGB |

**DEFENDANT TRANS UNION LLC'S**
**ANSWER AND DEFENSES TO PLAINTIFF'S SUPPLEMENTAL COMPLAINT**

　　COMES NOW, Trans Union LLC ("Trans Union"), and files its Answer and Defenses to Plaintiff's Supplemental Complaint ("Complaint") filed by Nelson L. Bruce ("Plaintiff"). The paragraph numbers below correspond to the paragraph numbers contained in the Plaintiff's Complaint to the extent possible.

**INTRODUCTION**

　　1.　　Trans Union admits that Plaintiff has asserted claims against Defendants for alleged violations of the Consumer Identity Theft Protection, 37-20-170, et seq. of the South Carolina Consumer Protection Code ("SCCPC"). Trans Union denies the remaining allegations contained in paragraph 1 of the Complaint.

　　2.　　Trans Union admits that Plaintiff has asserted claims against Defendants for alleged violations of the SCCPC. Trans Union denies the remaining allegations contained in paragraph 2 of the Complaint.

　　3.　　Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and, therefore, denies same.

1

4. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and, therefore, denies same.

5. Trans Union denies the allegations contained in paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. Trans Union admits that jurisdiction is proper in this Court.

7. Trans Union denies the allegations contained in paragraph 7 of the Complaint.

8. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, denies same.

9. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies same.

10. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies same.

11. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, denies same.

12. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and, therefore, denies same.

13. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and, therefore, denies same.

14. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and, therefore, denies same.

15. Trans Union admits, solely based on the allegations contained in Plaintiff's Complaint, that venue is proper in the District of South Carolina. Trans Union denies the remaining allegations contained in paragraph 15 of the Complaint.

## PARTIES

16.     Trans Union admits that Plaintiff is a natural person.  Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Complaint and, therefore, denies same.

17.     Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, therefore, denies same.

18.     Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and, therefore, denies same.

19.     Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and, therefore, denies same.

20.     Trans Union admits that it is a limited liability company with its principal place of business located in Chicago, Illinois and is authorized to do business within the State of South Carolina.  Trans Union admits that it is a "consumer reporting agency" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f).  Trans Union also admits that it assembles consumer credit information for the purpose of furnishing consumer reports to third parties.  Trans Union denies the remaining allegations contained in paragraph 20 of the Complaint.

21.     Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and, therefore, denies same.

22.     Trans Union admits that it is a "consumer reporting agency" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f).  Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 of the Complaint and, therefore, denies same.

**STATUTORY BACKGROUND**

23. The provisions of the South Carolina Consumer Protection Code Tile 37 Chapter 20 are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 23 of the Complaint.

**FACTUAL ALLEGATIONS**

24. Trans Union admits that Plaintiff is a natural person. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24 of the Complaint and, therefore, denies same.

25. Trans Union denies the allegations contained in paragraph 25 of the Complaint.

26. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and, therefore, denies same.

27. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and, therefore, denies same.

28. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and, therefore, denies same.

29. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and, therefore, denies same.

30. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and, therefore, denies same.

31. Trans Union denies the allegations contained in paragraph 31 of the Complaint.

32. The provisions of SCCPC are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 32 of the Complaint, including all subparts.

33. Trans Union denies the allegations contained in paragraph 33 of the Complaint.

34. Trans Union denies the allegations contained in paragraph 34 of the Complaint.

35. The provisions of SCCPC are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 35 of the Complaint.

36. The provisions of SCCPC are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 36 of the Complaint.

37. The provisions of SCCPC are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 37 of the Complaint.

38. Trans Union denies the allegations contained in paragraph 38 of the Complaint.

39. Trans Union denies the allegations contained in paragraph 39 of the Complaint.

40. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and, therefore, denies same.

41. Trans Union denies the allegations contained in paragraph 41 of the Complaint.

42. Trans Union denies the allegations contained in paragraph 42 of the Complaint.

43. Trans Union denies the allegations contained in paragraph 43 of the Complaint.

44. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint and, therefore, denies same.

45. The case law cited by Plaintiff is self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 45 of the Complaint.

46. The provisions of the FCRA and case law cited by Plaintiff are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 46 of the Complaint.

47. Trans Union denies the allegations contained in paragraph 47 of the Complaint.

## RESERVATIONS OF RIGHTS

48. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint and, therefore, denies same.

49. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint and, therefore, denies same.

## FIRST CAUSE OF ACTION

50. Trans Union restates and incorporates its responses to paragraphs 1 through 49 above as though fully stated herein.

51. Trans Union denies the allegations contained in paragraph 51 of the Complaint.

52. Trans Union denies the allegations contained in paragraph 52 of the Complaint.

53. Trans Union denies the allegations contained in paragraph 53 of the Complaint.

54. Trans Union denies the allegations contained in paragraph 54 of the Complaint.

55. Trans Union denies the allegations contained in paragraph 55 of the Complaint.

## SECOND CAUSE OF ACTION

56. Trans Union restates and incorporates its responses to paragraphs 1 through 55 above as though fully stated herein.

57. Trans Union denies the allegations contained in paragraph 57 of the Complaint.

58. Trans Union denies the allegations contained in paragraph 58 of the Complaint.

59. Trans Union denies the allegations contained in paragraph 59 of the Complaint.

60. Trans Union denies the allegations contained in paragraph 60 of the Complaint.

61. Trans Union denies the allegations contained in paragraph 61 of the Complaint.

**PRAYER FOR RELIEF**

Trans Union denies the allegations contained in the Prayer for Relief paragraph of the Complaint, including all subparts.

**DEMAND FOR TRIAL BY JURY**

Trans Union admits that Plaintiff request a trial by jury.

**FURTHER ANSWERING THE COMPLAINT
AND AS A FURTHER DEFENSE THERETO**

55. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the SCCPC and FCRA and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

**FURTHER ANSWERING THE COMPLAINT
AND AS A FURTHER DEFENSE THERETO**

56. Any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

**FURTHER ANSWERING THE COMPLAINT
AND AS A FURTHER DEFENSE THERETO**

57. Trans Union, in compliance with the SCCPC and FCRA, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

**FURTHER ANSWERING THE COMPLAINT
AND AS A FURTHER DEFENSE THERETO**

58. Trans Union at all times acted in compliance with the SCCPC and FCRA.

**FURTHER ANSWERING THE COMPLAINT
AND AS A FURTHER DEFENSE THERETO**

59. Plaintiff's common law and/or state law claims are barred/preempted by the qualified immunity/privilege granted by the FCRA and state law.

**FURTHER ANSWERING THE COMPLAINT**
**AND AS A FURTHER DEFENSE THERETO**

60. Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process Clause of the Fourteenth Amendment and the laws of the State of South Carolina.

**FURTHER ANSWERING THE COMPLAINT**
**AND AS A FURTHER DEFENSE THERETO**

61. Trans Union affirmatively pleads that it is entitled to attorney's fees in the event that the Court determines that the Plaintiff has filed an unsuccessful pleading, motion, or other paper in connection with this action under Section 1681n or 1681o of the FCRA in bad faith or for purposes of harassment.

**FURTHER ANSWERING THE COMPLAINT**
**AND AS A FURTHER DEFENSE THERETO**

62. In the event that a settlement is reached between Plaintiff and any other party, Defendant Trans Union is entitled to any settlement credits permitted by law.

**FURTHER ANSWERING THE COMPLAINT**
**AND AS A FURTHER DEFENSE THERETO**

63. Any alleged damages to Plaintiff, which Trans Union continues to deny, were caused in whole or in part by an intervening or superseding cause.

**FURTHER ANSWERING THE COMPLAINT**
**AND AS A FURTHER DEFENSE THERETO**

64. Plaintiff's claim for declaratory relief is not authorized, provided for, or allowed under the FCRA.

**FURTHER ANSWERING THE COMPLAINT**
**AND AS A FURTHER DEFENSE THERETO**

65. Trans Union here by gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of this litigation and, therefore, reserves the right to amend its Answer to assert such defenses.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC, respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the Court deems just.

Respectfully Submitted,

CLEMENT RIVERS, LLP

*s/ Wilbur E. Johnson*
Wilbur E. Johnson Federal ID No.: 2212
25 Calhoun Street, Suite 400
Charleston, SC 29401
Tel: (843) 724-6659
Fax: (843) 579-1332
Email: wjohnson@ycrlaw.com
*Counsel for Trans Union LLC*

Date: August 5, 2022
Charleston, South Carolina

9

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of August 2022, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record registered to use the CM/ECF system in this action, as follows:

Rita Bolt Barker
rbarker@wyche.com
Wyche PA
200 E Camperdown Way
Greenville, SC 29601
**Counsel for Equifax Information Solutions, LLC**

Lyndey Ritz Zwing Bryant
lyndey.bryant@arlaw.com
Luke M. Allen
luke.allen@arlaw.com
Adams and Reese LLP
1501 Main Street, Fifth Floor
Columbia, SC 29201
**Counsel for Experian Information Solutions, Inc.**

I further certify that I forwarded a copy of the foregoing by U.S. First Class Mail to the following non-CM/ECF participants:

Nelson L. Bruce
PO BOX 3345
Summerville, SC 29484-3345
**Pro Se Plaintiff**

*s/ Wilbur E. Johnson*
**WILBUR E. JOHNSON**